```
                                        Julio Gonzalez
                                        Reg. No. 16729-069
                                        FCI Fort Dix
                                        Unit 5852
                                        PO Box 7000
                                        Fort Dix, NJ  08640
```

August 27, 2005

Honorable Carmen Consuelo Cerezo
United States District Judge
United States District Court
150 Carlos Chardon Avenue
Federal Building
San Juan, PR  00918-1767

    RE: United States v. Gonzalez
        Case No. 98-CR-152-02

Dear Judge Cerezo:

    I am an inmate confined at the Federal Correctional Institution (FCI), Fort Dix, NJ.  I was a defendant before Your Honor in the above-referenced case.

    On August 2, 2005, I sent Your Honor a letter concerning a dilemma I am faced with here at the prison.  (Please see attached.)

    Your Honor imposed a $200 assessment and a restitution of $25,905 to be paid in 60 installments while on supervised release.  Hence, the $200 assessment has been paid in full.

    Since my incarceration I've tried to better myself, as I have completed a course in Basic Residential Wiring, Art Painting, Cinema, Card Making, Exercise Course, and Anger Management.  I will be enrolled in Parenting Class in September 2005, and seeking enrollment also in a Hazardous Material course in which we were told that is a lucrative business in the free world.  I am trying to do all that is right to better myself and make amends to society and my family.

    The purpose of me writing this letter is to seek Your Honor's intervention concerning this restitution.  That is, the restitution is supposed to be paid in 60 installments upon release and while on supervised release.  Here at the prison I am working in UNICOR or Federal Prison Industries, Inc., where I earned the "most" in a month is $195 and 50% or ½ of this amount is automatically deducted out of my account for the purpose of restitution.  This allows me a maximum of about $93-$95/month.  It should also be noted that if I have "callouts" (appointments) for medical, education, unit team, etc, hours are deducted and the monthly total could be much less.  Working in UNICOR is not a sure/constant job because at anytime we could be laid-off as I have in the past and no pay is given.

    I have two seven year old daughters who lives in Puerto Rico with their mothers and I have been trying to save money to have my daughters and their mothers visit with me.  Everytime I call and speak with my daughters they are always asking when they could visit with me and its a heart breaking think to tell them that I don't know (because I do not have the money).  I have been

trying to save my money in an effort to have my daughters visit me; obviously, however, this is not possible because of the 50% taken automatically. I also smoke, drink coffee, must purchase stamps and pay for phone calls. Thus, it should be noted that it cost $0.23 a minute (flat fee) for calls. Moreover, for me to watch TV I have to purchase batteries as all of the TVs are tuned in on a FM, radio frequency. To use the typewriters, I must purchase a print wheel for $36.00, and I must also purchase typewriter ribbons and correctable ribbons. Additionally, I have to purchase hygiene items and certain clothing items, which are not furnished by the institution. Adding up those costs allows for no savings to assist in getting my two daughters to visit me from Puerto Rico.

The restitution imposed is $25,950, and now with interest, it is $30,722.96. In this kind of way, I would never be able to pay off the interest, let alone the actual restitution.

Let me point out that on three occasions within the past month I called Puerto Rico through my unit counselor (Mr. Sanchez) to be able to speak with Mr. Edwin Benitez, Financial Litigation Unit. (Please see attached letter dated July 12, 2005, from Mr. Benitez). All three times I couldn't get to Mr. Binetez and messages have been left for Mr. Benitez to call Mr. Sanchez. When I asked the person answering the phone as to whom I was speaking with, the persone refused to give his name(s) during all three phone calls. No calls were ever returned to my counselor, Mr. Sanchez.

Although the Judgment and Commitment Order indicated that the restitution is to be paid while on supervised release, my unit team (the staff at the unit) informed me that Your Honor's order isn't clear enough for them to interpret. However, I was told that I should write to Your Honor to get an order to make it clear that the restitution is to be paid while on supervised release in 60 installments. Additionally, it was pointed out that Your Honor issuing an order that the restitution be paid on supervised release will give me some time within which I would have sufficient money saved to bring my two daughters to visit with me. Also, I would be able to pay for a few college courses, which are offered here at the institution.

I am, therefore, requesting of Your Honor to please clarify and issue an Order in that the restitution is to be paid in 60 installments while I am on supervised release. This would also allow me to save my prison-job money to get my two daughters to visit with me from Puerto Rico. The Order should be sent to the Case Manager and a copy to me:

    Mr. Bullock
    Case Manager
    FCI Fort Dix West
    P.O. Box 38
    Fort Dix, NJ 08640-0907.

Thank you for your time and concern.

I declare under penalty of perjury that the foregoing is true and correct pursuant to Title 28 USC § 1746.

                                              Respectfully submitted,

                                              Julio Gonzalez

Enclosure(s)